UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGUS NOBREGA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:20-cv-00373-JDL |
| | ) | |
| YORK COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON OBJECTION TO NOTICE OF REMOVAL AND ON PLAINTIFF'S MOTION TO DISMISS**

Plaintiff, an inmate at the York County Jail, seeks injunctive relief and monetary damages based on the alleged conditions at the York County Jail. (Complaint, ECF No. 3-1.)  Plaintiff filed this action in state court, and Defendants removed the case to this Court.

The matter is before the Court on Plaintiff's objection to Defendants' removal of the case to this Court (Objection, ECF No. 9) and Plaintiff's motion to dismiss the federal claims asserted in the complaint. (Motion, ECF No. 10.)

Following a review of the record, I recommend the Court overrule the objection to the removal, construe Plaintiff's motion to dismiss as a motion to amend the complaint, grant the motion to amend, and remand the matter to state court for lack of jurisdiction.

1

**BACKGROUND**

Plaintiff filed this action in the Maine Superior Court (York County). In his complaint, Plaintiff included allegations that reference the standards established by the United States Supreme Court for certain violations of the United States Constitution. (Complaint at 3.) Defendants' removed the matter to this Court. (Notice of Removal, ECF No. 1.) Plaintiff objects to the removal based on his contention that he is not pursuing any federal claims. In an apparent attempt to confirm this assertion, Plaintiff has moved to dismiss any federal claims asserted in the complaint.

**DISCUSSION**

**A.**     **Plaintiff's Objection to Removal**

"The burden of establishing federal jurisdiction is upon the party who removed the case to federal court." *Me. Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 263 (D. Me. 2014). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "[R]emoval of an action from state court to federal court is proper only if the federal court has original jurisdiction." *Mayhew*, 64 F. Supp. 3d at 263; *see* 28 U.S.C. § 1441(a). Under federal question jurisdiction, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

2

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Accordingly, "a court is to ask whether the plaintiff's *claim to relief* rests upon a federal right, and the court is to look only to *plaintiff's complaint* to find the answer.'" *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 10 (1st Cir. 2004) (quoting *Hernandez-Agosto v. Romero-Barcelo*, 748 F.2d 1, 2 (1st Cir. 1984) (emphasis in original); *see Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) ("The jurisdictional question is determined from what appears on the plaintiff's claim, without reference to any other pleadings.").  Therefore, "[w]here a complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' the federal court must entertain the suit." *Ortiz-Bonilla*, 734 F.3d at 34 (quoting *Bell v. Hood*, 327 U.S. 678, 681 (1946)).  "It is immaterial that a claimant in retrospect views [his] federal claims as surplus, or after removal, moves to strike the federal claims.  The plaintiff is the 'master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Ortiz-Bonilla*, 734 F.3d at 36 (citation omitted) (quoting *Caterpillar*, 482 U.S. at 392).  Further, "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbldg. Workers of Am.*, 132 F.3d 824, 833 (1st Cir. 1997); *see* 28 U.S.C. § 1367(a).

In this case, as a basis for his claims, Plaintiff referenced the standards established by the United States Supreme Court for certain violations of the United States Constitution.  Defendants, therefore, have demonstrated that the Court has federal question jurisdiction

3

over the Plaintiff's claim and that removal was proper. *See* 28 U.S.C. §§ 1331, 1441(a); *Mayhew*, 64 F. Supp. 3d at 263. Accordingly, Plaintiff's objection to the removal fails.

**B.   Motion to Dismiss**

Plaintiff has moved to dismiss the claims that are based on federal law. Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff to dismiss "an action" voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Rule 41 has been construed to "only permit[] complete dismissal of an 'action,' not partial dismissal of 'fewer than all the claims.'" *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 11 (D.D.C. 2011). *See also Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 – 90 (9th Cir. 2005) (plaintiff cannot dismiss even with court approval fewer than all claims under Rule 41(a)(2)); *Sudnick v. Dep't of Defense*, 474 F. Supp. 2d 91, 95 n.3 (D.D.C. 2007) (Rule 41 "cannot be invoked to eliminate 'fewer than all of the claims against any particular defendant'" (quoting 8 Moore's Federal Practice § 41.21[1] (3d ed. 1997)). Because Plaintiff seeks to dismiss only particular counts of his complaint against defendants who would remain in the case, he cannot voluntarily dismiss the claims.

Plaintiff's request to dismiss certain claims can properly be considered as a request to amend his complaint. *See Featherston*, 910 F. Supp. 2d at 11. A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That is, in "the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party …, [or] futility

…, the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). Given that the case is at a relatively early stage and given Defendant's lack of objection to the motion to dismiss, I discern no prejudice to Defendants if the Court grants Plaintiff leave to amend to remove the federal claims.

**C.  Lack of Jurisdiction/Remand**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Plaintiff has not alleged any facts to support and Defendants did not assert in their notice of removal any basis for diversity jurisdiction. With the amendment of Plaintiff's complaint to remove the federal claims, therefore, the Court would lack subject matter jurisdiction over the claim and remand would be warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court overrule the objection to the removal, construe Plaintiff's motion to dismiss as a motion to amend the complaint, grant the motion to amend, and remand the matter, with Plaintiff's amended complaint, to state court based on a lack of jurisdiction.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2020.